UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JAMES ROBERTS,

        Plaintiff,                Case No. 1:18-cv-1244

v.                                      Hon. Paul L. Maloney

KALAMAZOO COUNTY
GOVERNMENT,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is an action brought by *pro se* plaintiff Michael James Roberts against the Kalamazoo County Government. Compl. (ECF No. 1). The Court granted plaintiff's application to proceed in forma pauperis. Order (ECF No. 4). For the reasons discussed below, plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[.]"

    **I.**        **Discussion**

In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true.  *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  However, "an unadorned, the – defendant - unlawfully – harmed - me accusation" is insufficient to state a claim for relief.  *See Iqbal*, 556 U.S. at 678.  In this regard, while *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

Here, plaintiff alleged that defendant violated his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(2) based on the following facts:

> I Michael Roberts believe I am entitled to damages in this case because Kalamazoo County Government violated my rights.  By having a blanket policy over hiring felons.  This happened on October 25, 2018 in Kalamazoo MI.  I was not even given a chance to explain myself.

PageID.4.  Plaintiff seeks $800,000.00 in damages, "$500,00.00 for the amount I would have made working there for 25 years" and "300,000.00 for financial and emotional stress." *Id*.

Title VII provides in pertinent part that, "It shall be an unlawful employment practice for an employer -- (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national

origin[.]" 42 U.S.C. § 2000e-1(a)(1).  Plaintiff does not allege that defendant refused to hire him because of his "race, color, religion, sex, or national origin."  Rather, plaintiff claims that defendant failed to hire him because he was convicted of a felony.  "Title VII was not designed nor intended to protect convicted felons."  *Averitt v. Cloon*, 796 F.2d 195, 198 (6th Cir. 1986). Accordingly, plaintiff's claim fails because "[c]onvicted felons are not a protected class under Title VII." *Arnold v. Locke*, No. 1:11CV0420, 2011 WL 2020238 at *2 (N.D. Ohio May 24, 2011).

## II. RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED**.

Dated:  December 14, 2018            /s/ Ray Kent
                                     United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).