UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Michael James Roberts,<br>   Plaintiff,<br><br>-v-<br><br>Kalamazoo County Government,<br>   Defendant. | No. 1:18-cv-1244<br><br>HONORABLE PAUL L. MALONEY |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On November 6, 2018 Plaintiff Michael Roberts, proceeding pro se, filed a civil complaint alleging that Kalamazoo County had violated Title VII of the Civil Rights Act of 1964 by declining to hire him as a custodian based on a prior felony conviction. Roberts was allowed to proceed *in forma pauperis*, and the Magistrate Judge filed an R & R recommending that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R & R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R & R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*per curiam*) (holding the district court need not

provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice).

It is black letter law that "Title VII was not designed nor intended to protect convicted felons." *Averitt v. Cloon*, 796 F.2d 195, 198 (6th Cir. 1986). The Magistrate Judge thus properly concluded that Plaintiff's Title VII claim must fail. In his objections, Plaintiff reasserts his belief that discrimination on the basis of felony conviction is actionable under Title VII. He cites no authority, and the argument is meritless as discussed.

Plaintiff also suggests for the first time that he would "like to ask the Court to look at the Fair Credit Reporting Act." (PageID.22.) This entirely new cause of action is not properly raised for the first time in an objection. Even if the Court were to liberally construe the objection as a request for leave to amend his complaint, it would deny the motion as Plaintiff must do more than simply invoke the popular name of a federal statute to plead a cause of action. *See* Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 15.

Accordingly, the Court adopts the R & R as the Opinion of the Court, overrules Plaintiff's Objections, and dismisses Plaintiff's Complaint.

**IT IS SO ORDERED. JUDGMENT TO FOLLOW.**

**Date:** March 15, 2019 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge